# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

JAMES MOSLEY                                                      PETITIONER

v.                                              No. 1:13CV209-GHD-JMV

RONALD KING                                                      RESPONDENT

**Consolidated With**

JAMES MOSLEY                                                      PETITIONER

v.                                              No. 1:14CV115-GHD-JMV

JOHNNIE DENMARK                                                   RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of James Mosley for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition; the petitioner has not replied, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

The Petitioner, James Mosley, is lawfully in the custody of the Mississippi Department of Corrections and is currently housed at the Wilkinson County Correctional Facility in Woodville, Mississippi. On August 24, 2010, Mosley was convicted of: Count II - sale of cocaine, Count III - sale of marijuana, and Count IV - sale of methamphetamine in the Circuit Court of Choctaw County, Mississippi. *See* State Court Record ("SCR"), Vol. 1, p. 79-80; Circuit Court Cause No. 2010-023-CR. Mosley was found to be both a habitual offender, under Miss. Code Ann. § 99-19-81, and a second or subsequent drug offender, under Miss. Code Ann. § 41-29-147. Therefore, Mosley was sentenced to serve sixty (60) years for Count II, six (6) years for Count

III, and sixty (60) years for Count IV in the custody of the Mississippi Department of

Corrections ("MDOC"), with the sentences to run consecutively. *Id.*

Mosley appealed these convictions and sentences to the Mississippi Supreme Court,

raising the following issue, as stated by counsel:

> **Issue 1.** The trial court abused its discretion by sentencing Mosley to serve126 years
> in prison. This sentence was disproportionate to the crime and a violation to Mosley's
> Constitutional protections against cruel and unusual punishment.

On September 27, 2012, the Mississippi Supreme Court affirmed the judgment of the circuit

court in a written opinion. *State v. Mosley,* 104 So.3d 839 (Miss. 2012) *reh'g denied,* Jan. 17,

2013 (Case No. 2010-KA-01498-SCT).

On April 17, 2014 (signed on April 16, 2014), Mosley filed two (2) Applications to

Proceed in the Trial Court with Motions for Post-Conviction Relief ("PCR") in the Mississippi

Supreme Court:  Case Numbers 2014-M-00486 and 2014-M-00503.  The application filed in

Case No. 2014-M-00486 challenges the conviction in Choctaw County Circuit Court case

number 2010-023-CR.  In that Application, Mosley raised the following issues, *pro se*:

> **Issue 1.** Whether the trial court violated Mosley's Sixth and Fourteenth Amendment
> right to proceed without counsel when he elected to do so.
>
> **Issue 2.** Whether Mosley was sentenced as a habitual offender under Miss. Code Ann.
> § 99-19-81 (Supp. 1986) based on insufficient evidence or as the result of a
> fundamentally defective sentencing hearing.
>
> **Issue 3.** The sentence as a habitual offender of one hundred twenty-six years with the
> Mississippi Department of Corrections constitutes life in prison without parole and
> cruel and unusual punishment.
>
> **Issue 4.** Whether a prosecutor's knowing presentation of false evidence and failure to
> correct the record violate a criminal defendant's due process right.

The application was denied by the Mississippi Supreme Court on June 10, 2014:

> In his petition for post-conviction relief, Mosley argues he was not allowed to proceed *pro se* at trial, the State failed to prove that he was a habitual offender, and his sentence violated the prohibition against cruel and unusual punishment. Mosley's sentence was addressed on direct appeal and, thus, is barred by *res judicata*. Miss. Code Ann. § 99-39-21(3). The remaining issues could have been raised at trial or on direct appeal, and thus, are barred from review. Miss. Code Ann. § 99-39-21(1).
>
> · Furthermore, the claims lack sufficient merit to warrant an evidentiary hearing. After due consideration, the panel finds that Mosley's petition should be denied.

*Id.*

Originally, Mosley filed the instant petition for a writ of *habeas corpus* on October 18, 2013, before the filing and disposition of his state court post-conviction motions. In the petition, Mosley referenced both of his circuit court case numbers and challenged the sentences and convictions in both of his circuit court cases. ECF, Doc. 1, p. 1. On May 30, 2014, the State filed a motion to clarify, arguing that it was unclear which issues Mosley wished to raise in this petition as to which cases. Given the state of Mosley's pleadings, he could have been in violation of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(e). ECF, Doc. 15. The State argued that Mosley had filed an improper federal *habeas corpus* petition and asked that the court direct him to amend or clarify his petition to ensure the sought relief from only one of his state court convictions. On June 17, 2014, the court granted the State's motion. ECF, Doc 16.

On June 23, 2014, Mosley filed an amended petition for a writ of *habeas corpus*, ECF, Doc. 17, which the court granted on August 11, 2014. ECF, Doc. 19. However, in his amended petition, Mosley merely requested that the final orders from the state court regarding his motions for post-conviction relief be added to his petition for *habeas corpus* relief. Mosley then filed two additional federal petitions for writs of *habeas corpus*: on July 18, 2014, Mosley filed a new petition in Case No. 1:14CV115-GHD-SAA. In that petition, Mosley appeared to challenge his

convictions and sentences arising out of his August 24, 2010, judgment in Choctaw County

(Circuit Court Cause No. 2010-023-CR). On July 21, 2014, Mosley filed another new petition in

this Court in Case No. 1:14CV117-MPM-JMV. In that petition, Mosley seemed to challenge his

convictions and sentences arising out of his February 24, 2010, judgment in Choctaw County

(Circuit Court Case No. 2010-046-CR).

The State then filed a Motion to Consolidate the two cases in the interest of judicial

economy, as the new petition in Case No. 1:14CV115-GHD-SAA challenged the same

convictions and sentences as the instant petition (No. 1:13CV209-SAA). ECF, Doc. 24. The

court granted the motion on October 23, 2014, ECF, Doc. 27, and directed the State to file an

answer to the petition. ECF, Doc. 30.

In one of his two consolidated Petitions for Writs of Habeas Corpus (filed in Case No.

1:14CV115- GHD-SAA), Mosley raises the following issues:[1]

> **Ground One.** The trial court abused its discretion by sentencing Mosley to serve 126 years in prison. This sentence was disproportionate to the crime and a violation to Mosley's Constitutional protections against cruel and unusual punishment.
>
> **Ground Two.**
>
>> 1. Whether the trial court violated Mosley's Sixth and Fourteenth Amendment right to proceed without counsel when he voluntarily and intelligently elected to do so.
>>
>> 2. Whether Mosley was sentenced as a habitual offender under Miss. Code Ann. § 99-19-81 (Supp. 1986) based on insufficient evidence or as the result of a fundamentally defective sentencing hearing.
>>
>> 3. The sentence of one hundred twenty-six years as a habitual offender with the Mississippi Department of Corrections constitutes a sentence of life in prison without parole and cruel and unusual punishment.

---

[1] The court has numbered the grounds for relief from the two petitions sequentially to avoid confusion in identifying the issues in the consolidated case.

4. Whether a prosecutor's knowing presentation of false evidence and failure to correct the record violate a criminal defendant's due process rights.

Mosley also sets forth the following grounds for relief in his other consolidated *habeas corpus* petition (filed in Case No. 1:13CV209-GHD-JMV):

**Ground Three.** The trial court erred in sentencing Mosley as a habitual offender:

(1) The arson charge used to enhance Mosley's sentence in Choctaw County Circuit Court Case No. 2010-23-CR was "bogus" and had been "dismissed."

(2) Mosley had no meaningful opportunity to challenge the prior convictions used to enhance his sentence in Case No. 2010-23-CR.

(3) Peggy Miller's testimony that the James Mosley was the same person as Jamie Mosley, who had been convicted of arson in 1994 (Choctaw County Circuit Court Case No. 2165), was inadmissible hearsay.

(4) The trial court should not have permitted the State to dismiss some charges (possession of a firearm by a convicted felon and possession of cocaine) against Mosley in one case (No. 2010-22), then re-indict him on those and additional charges in a subsequent case (No. 2010-46) to ensure that he faced enhanced penalties under Mississippi's habitual offender statute in the case currently under consideration (No. 2010-23).

**Ground Four.** The trial court erred by failing to declare a mistrial as to the remaining charges in Case No. 2010-23 when the jury acquitted Mosley on Count I (sale of cocaine).

### The Doctrines of Procedural Default and Procedural Bar: Grounds Two, Subsections (1), (2), (4),

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v.*

*Thaler*, 681 F.3d 597, 604 (5th Cir.2012). Thus, a federal court may not consider *habeas corpus* claims when, "(1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, —— U.S. ——, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*. To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.* A state's independent procedural bar is inadequate only if the state "clearly and unequivocally excuse[s] the procedural default." *Amos v. Scott*, 61 F.3d 333, 342 (5th Cir. 1995).

### Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Default and Procedural Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First, he can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that cannot be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir.

2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

In the present case, the Mississippi Supreme Court held that the issues in Ground Two, subsections (1), (2), and (4), as well as Ground Three, subsections (1), (2), and (3) were barred from review under Miss. Code Ann. § 99-39-21(1), which states:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

Miss. Code Ann. § 99-39-21(1). The Fifth Circuit has found that § 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson,* 123 F.3d 858, 860 (5th Cir. 1997). In addition, Mr. Mosley has not shown that the State has failed to strictly and regularly apply § 99-39-21(1); as such, he cannot overcome the independent and adequate state procedural bar in the present case. Further, Mosley never presented his claims in Ground Three, subsection (4) or Ground Four to the Mississippi Supreme Court, and he may not do so now. As such, these claims must be dismissed under the doctrine of procedural default.

Neither has Mr. Mosley shown that an external impediment prevented him from raising these claims on direct appeal or during post-conviction collateral review, nor has he provided new, reliable evidence – that was not presented at trial – to show that "more likely than not[,] . . . no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644. Thus, Mosley has shown neither cause for his failure to raise these issues in state court nor that prejudice would occur if this court declined to decide these claims on the merits.

He also has not shown that a fundamental miscarriage of justice would occur if the court barred these claims from *habeas corpus* review. Mr. Mosley claims that the State failed to provide proof to show that he had previously been convicted of arson. Thus, he argues, the State did not prove one of the predicate offenses used to enhance his sentence under Miss. Code Ann. § 99-19-81, and he is actually innocent regarding his eligibility for an enhanced sentence. This assertion is demonstrably false, as the State provided more than sufficient evidence that Mosley was previously convicted of arson. First, the State offered into evidence a March 30, 1994, certified criminal judgment from Case No. 2165 in the Circuit Court of Choctaw County, Mississippi, holding Mosley "guilty as charged" of "ARSON OF A STATE SUPPORTED SCHOOL BUILDING." Doc. 36-6. In addition, the State put offered into evidence the State of Mississippi Prisoner Commitment Notice committing him to the custody of the Mississippi Department of Corrections on his arson conviction in Choctaw County Case No. 2165. Doc. 1 at 68. In any event, the court takes judicial notice that the Mississippi Court of Appeals ruled on Mr. Mosley's appeal from the 1994 arson conviction in *Mosley v. State of Mississippi,* 94-KA-00687 COA.[2]

---

[2] The court takes judicial notice of prior proceedings involving a *habeas corpus* petitioner. **Error! Main Document Only.***Moore v. Estelle,* 526 F.2d 690, 694 (5th Cir. 1976), *General Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074 (7th Cir. 1997).

Mr. Mosley, also argues: (1) that he *is not* the person convicted of arson in Case No. 2165, and in contradiction, (2) that he *is* the person convicted of arson, but the charge was "dismissed." During sentencing in Case No. 2010-23-CR, James Mosley suggested that he was not the same person as "Jamie Mosley," who was convicted of arson in Case No. 2165. Doc. 36-3 at 56-57. In rebuttal, State witness Peggy Miller testified that she had personal knowledge that James Mosley (the defendant) was the same person as Jamie Mosley, who was convicted of arson in Case No. 2165. Doc. 36-3 at 57-63. Ms. Miller had worked as Deputy Chancery Clerk in youth court, where the arson case originated, and she was the Choctaw County Circuit Clerk during the criminal case currently under review. *Id.* She testified that the defendant in Case Nos. 2010-23-CR, 2010-46-CR, and Case No. 2165 were the same person – the petitioner in the present case. Further, though Mr. Mosley states that the arson conviction was later "dismissed," he has provided no proof whatsoever to support that assertion, and the court can find none. Mr. Mosley has not shown that he was actually innocent as to the enhancement of his sentence as a habitual offender.

As such, Mosley is unable to overcome procedural bar or procedural default, and the court may not review his claims in Ground Two, subsections (1), (2), and (4), Ground Three, subsections (1), (2), (3), and (4), or Ground Fourt in a *habeas corpus* proceeding under 28 U.S.C. § 2254. Those claims must therefore be dismissed.

### Grounds Reviewed on the Merits in State Court[3]

---

[3] As discussed above, the court is barred from reviewing the issues in Ground Two, subsections (1), (2), and (4), Ground Three, subsections (1), (2), (3), and (4), and Ground Four; as such, the court will not address them in the present section – leaving only Ground 1 and Ground Two, subsection (3) to discuss.

The Mississippi Supreme Court has already considered all the petitioner's grounds for relief on the merits and decided those issues against him; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas corpus* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of*

federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to these grounds of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground One and Ground Two (3)

Mosley's claims in Ground One and in Ground Two (3) raise the same issue: whether the trial court abused its discretion in sentencing him to a term of 126 years in prison which constitutes cruel and usual punishment. On direct appeal, the Mississippi Supreme Court held that this issue had no merit, as the sentence falls within the limits of the relevant statutes. The Mississippi Supreme Court summarized the relevant facts of Mosley's state criminal case:

> ¶ 2. The following facts are undisputed. On June 15, 2009, a confidential informant (CI), working with agents with the Mississippi Bureau of Narcotics (MBN), contacted Mosley to purchase $100 worth of cocaine and $50 worth of marijuana. The CI, equipped with surveillance equipment, then drove to a gas station to wait for Mosley.

Soon after, a green "Tahoe" pulled into the gas station. Mosley exited the vehicle from the passenger's side, walked inside the store, and entered the store's restroom. The CI followed Mosley into the store and waited outside the restroom. When Mosley came out of the restroom, he handed the CI a folded paper towel. The CI gave Mosley $100, and both men then left the store. The CI drove to a nearby funeral-home parking lot, where MBN agents were waiting. The CI returned the unused $50 to the agents and handed them the paper towel he had received from Mosley. The agents placed the paper towel and its contents into an evidence bag and took a statement from the CI. The Mississippi Crime Laboratory later determined that the substance wrapped inside the paper towel was 0.6 grams of cocaine.

¶ 3. While at the funeral home, the CI again contacted Mosley. This time, the CI discussed purchasing the marijuana that he did not purchase from Mosley earlier. Still equipped with surveillance equipment, the CI left the funeral home and headed toward the National Guard Armory, with MBN agents trailing behind in their vehicle. The CI pulled his vehicle into a skating-rink parking lot located just before the armory. Agents watched the CI from their vehicle, which was stationed a short distance away.

¶ 4. Moments later, the same green Tahoe reappeared. The CI got out of his vehicle and met Mosley on the passenger side of the Tahoe. Mosley handed the CI a bag of marijuana, and the CI handed Mosley $50. The CI returned to his vehicle and drove back to the funeral home, where he handed the agents the marijuana just purchased from Mosley. The Mississippi Crime Laboratory later confirmed that this substance was 6.3 grams of marijuana.

¶ 5. After turning over the marijuana, the CI informed the agents that Mosley had told him he would have "crystal meth" available shortly. The CI called Mosley once more and set up a buy. The agents provided the CI with another $50 to purchase the methamphetamine. The CI met Mosley once again at the skating-rink parking lot. There, the CI handed Mosley $50, and Mosley handed the CI a green bag, which the Mississippi Crime Lab later determined contained 0.3 grams of methamphetamine.

¶ 6. Mosley later was arrested and charged with the above-mentioned drug sales. A Choctaw County grand jury returned a four-count indictment against Mosley. Prior to trial, the trial court had granted the State's request to amend Mosley's indictment so as to charge Mosley as a habitual offender under Mississippi Code Section 99–19–81 (Rev.2007), and also as a subsequent drug offender under the sentencing-enhancement provision of Mississippi Code Section 41–29–147 (Rev.2009), *841 which subjects the violator to a sentence and/or fine up to twice that authorized by Mississippi Code Section 41–29–139(b)(1) and (3) (Rev.2009). The jury found Mosley guilty on three of the four[1] counts—one count of selling cocaine, one count of selling methamphetamine, and one count of selling marijuana (less than thirty grams).

¶ 7. Upon being adjudicated a subsequent drug-offender at sentencing, Mosley received a sixty-year sentence for the cocaine conviction, a sixty-year sentence for the

methamphetamine conviction, and a six-year sentence for the marijuana conviction. The trial court set said sentences to run consecutively to one another, for a total of 126 years in the custody of the MDOC, without the benefit of probation or early release.

*Mosley v. State*, 104 So. 3d 839, 840–41 (Miss. 2012).

Mr. Mosley was convicted in separate counts for the sale of cocaine and the sale of methamphetamine, both in violation of Miss. Code Ann. § 41-21-139(a)(1)(B)(1). The maximum term of incarceration for sale of these substances is 30 years. He was also convicted for sale of marijuana under Miss. Code Ann. § 41-21-139(a)(1)(B)(3). The maximum term of incarceration for this crime is 3 years.

Upon Mosley's conviction, the trial court heard testimony and reviewed documents proving his prior felony convictions. After reviewing the documents, the trial court found that Mosley qualified for enhanced punishment as both a habitual offender and a repeat drug offender. SCR, Vol. 2, p. 216. The trial court then enhanced Mosley's sentence, finding him to be both a second or subsequent drug offender (under Miss. Code Ann. § 41-21-147) and a habitual offender (under Miss. Code Ann. § 99-19-81).

Mississippi's second or subsequent drug offender statute reads:

Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article *may be imprisoned for a term up to twice the term otherwise authorized*, fined an amount up to twice that otherwise authorized, or both. For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.

Miss. Code Ann. § 41-21-147 (emphasis added). The applicable habitual offender statute reads:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution,

- 13 -

whether in this state or elsewhere, *shall be sentenced to the maximum term of imprisonment* prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (emphasis added).

Under § 99-19-81, the court was required to impose the maximum sentence as to each conviction. Thus, the trial court did so, sentencing Mr. Mosley to an initial total of 63 years' imprisonment (30 years + 30 years + 3 years = 63 years). The court then applied the sentence enhancement for second or subsequent drug offenders, which permits doubling the statutory maximum sentence of each drug conviction. The court also required that Mosley serve the sentences consecutively. In this case, the enhancement left Mr. Mosley with a 126-year sentence (63 years x 2 = 126 years). The trial court discussed the issue and found that Mosley qualified for enhanced punishment as both a habitual offender and repeat drug offender – and that his sentence was neither disproportionate nor cruel and unusual. SCR, Vol. 2, p. 216.

In discussing Mr. Mosley's claim that the sentence imposed was grossly disproportionate to the crimes of his conviction, the Mississippi Supreme Court held:

> We find no such inferential showing [of disproportionality] here, since Mosley's sentences clearly fall within the statutory limits. As mentioned, Mosley was convicted of violating Section 41–29–139(b)(1) and (3). Subsection (b)(1) provides a maximum of thirty years, and subsection (b)(3) provides a maximum of three years. Proof was presented at Mosley's sentencing hearing that Mosley was a habitual offender under Section 99–19–81, which mandates the maximum sentence be given for a person convicted of a third felony. In compliance with Section 99–19–81, Mosley received the maximum sentence for each conviction. Because Mosley had at least one prior drug conviction, the trial court doubled each maximum sentence. This is authorized by Section 41–29–147, which provides in pertinent part: "any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both." Miss.Code Ann. § 41–29–147 Rev. 2009). In addition, the trial court ordered that each sentence run consecutively to one another. Pursuant to Mississippi Code Section 99–19–21 (Rev.2007), "[w]hen a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion

- 14 -

of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction."

*Mosely,* 104 So.3d at 842.

> As we expressed in *Stromas,* "[d]rug offenses are very serious, and the public has expressed grave concern with the drug problem[,]" to which "[t]he legislature has responded in kind with stiff penalties for drug offenders." *Stromas,* 618 So.2d 116, 123 (Miss. 1993). Although the term Mosley received is extremely lengthy, it does not exceed the maximum sentence allowed by statute. Therefore, we find that the trial court did not abuse its discretion in sentencing Mosley to 126 years in the custody of the MDOC, without the benefit of probation or early release.

*Id.* at 843.

Generally, a petitioner is entitled to *habeas corpus* relief only if he can show that the sentence imposed "exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler,* 825 F.2d 921, 923 (5th Cir. 1987). Mr. Mosley was sentenced within the limits of the applicable statutes, which, under Mississippi law, renders the sentence "unreviewable" on disproportionality grounds.

> Though the Supreme Court has established a balancing test for evaluating the proportionality of sentences under the Eighth Amendment, *see Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), Mississippi courts do not apply that test to sentences within statutory guideline ranges, *White,* 742 So.2d at 1135–36 (citing *Stromas v. State,* 618 So.2d 116, 123 (Miss. 1993)). Instead, "where a sentence is within the prescribed statutory limits, it will generally be upheld and not regarded as cruel and unusual." *Id.* at 1136 (quoting *Stromas,* 618 So.2d at 124). "The practical effect of the general rule is that a trial judge's sentencing decision has traditionally been treated as unreviewable so long as the sentence was within the statutory limits." *Id.* at 1136.

*Brooks v. Kelly,* 579 F.3d 521, 524 (5th Cir. 2009). The Fifth Circuit accepted Mississippi's decision to exclude sentences from proportionality review – as long as the sentences fall within statutory limits. *Id.*

Neither has Mr. Mosley met the standard for *habeas corpus* relief as to this issue under federal law. In *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the

- 15 -

United States Supreme Court addressed whether *habeas corpus* relief was warranted on a claim

that a state sentence violated the Eighth Amendment prohibition against cruel and unusual

punishment. The Court found that there is no "clear or consistent path for courts to follow" in

determining whether a sentence violates the Eighth Amendment. *Lockyer,* 123 S.Ct. at 1173.

However, "one governing legal principle [regarding a claim of disproportionate sentence]

emerges as 'clearly established' under § 2254(1): A gross disproportionality principle is

applicable to sentences for terms of years." *Id.* The gross disproportionality principle is difficult

to articulate, and the Court found it to be applicable only in "'exceedingly rare' and 'extreme'

cases." *Id.* (citations omitted).

Andrade, the petitioner in *Lockyer* was sentenced under California's habitual offender

statute to two consecutive terms of 25 years to life after his conviction for stealing about $150

worth of videos from a K-Mart store. *Lockyer* 123 S. Ct. at 1172. The question presented to the

Court was whether such a harsh sentence was grossly disproportionate to the trivial crimes of his

conviction. *Id.* The Court's ultimate answer was "No":

> The gross disproportionality principle reserves a constitutional violation for only the
> extraordinary case. In applying this principle for § 2254(d)(1) purposes, it was not an
> unreasonable application of our clearly established law for the California Court of
> Appeal to affirm Andrade's sentence of two consecutive terms of 25 years to life in
> prison.

*Lockyer*, 123 S. Ct. at 1175–1176.

In dissent, Justice Souter argued that the crime, theft of $150 worth of merchandise, was

so trivial that "[i]f Andrade's sentence [of at least 50 years in prison] is not grossly disproportionate,

the principle has no meaning." *Id.* at 1179. Indeed, given Andrade's age (37), his 50-year sentence

"amount[ed] to life without parole." *Id.* at 1176-1177. Justice Souter simply noted that the bar for

establishing gross disproportionality between the severity of the crime and the severity of punishment

is very high, indeed. Mr. Mosley's crimes, selling cocaine, marijuana, and methamphetamine, are more serious that Andrade's theft of movies from K-Mart. In addition, by any reasonable calculation, Mosley's 126-year sentence amounts to life without parole, as did Mr. Andrade's. Thus, compared with the facts in *Lockyer*, Mosley's crimes were more serious, and his sentence (effectively life without parole) was the same. As such, Mosley's sentence passes muster under the daunting standard established in *Lockyer*.

For these reasons, the Mississippi Supreme Court's resolution of the issue in Ground One and Ground Two (3) was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. As such, Mr. Mosley is not entitled to *habeas corpus* relief as to his claim regarding the proportionality of his sentence and his crimes. *See* 28 U.S.C. § 2254(d)(1); *see also Gachot v. Stalder,* 298 F.3d 414, 421 (5th Cir. 2002).

**Conclusion**

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 27 day of March, 2017.

_____
SENIOR JUDGE